IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OAK FOUNDATION, CALIFORNIA NATIVE PLANT SOCIETY, CALIFORNIA INDIAN BASKETWEAVERS ASSOCIATION, CALIFORNIANS FOR ALTERNATIVE TO TOXICS,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, TOM QUINN, in his official capacity as Forest Supervisor for the Stanislaus National Forest,<br><br>　　　　　Defendants. | 1:05-cv-01395-REC-SMS<br><br>**SCHEDULING CONFERENCE ORDER**<br>(administrative proceeding review)<br><br>Plaintiffs' Opening Brief<br>Filing Deadline: 5/12/06<br><br>Defendants' Opposition Brief<br>Filing Deadline: 6/16/06<br><br>Plaintiffs' Reply Brief<br>Filing Deadline: 7/21/06<br><br>Defendants' Sur-Reply Brief<br>Filing Deadline: 8/18/06<br><br>Hearing: 9/25/06, 1:30 p.m.,<br>Ctrm. 3/**OWW** (est. 1-2 hrs.) |

1. Date of Scheduling Conference:

   February 28, 2006.

2. Appearances of Counsel:

   Michael W. Graf, Esq., appeared telephonically on behalf of plaintiffs.

   Assistant United States Attorney Kristi C. Kapetan appeared on behalf of defendants.

//

1

3. The Pleadings:

    A.     Summary of the Pleadings.

         This case is primarily a NEPA challenge to a decision of the Forest Service to approve the Larson Reforestation and Fuel Reduction Project ("Larson Project") within the Stanislaus National Forest.

    B.     Orders Re: Amendment of Pleadings.

         No amendments are proposed at this time. However, plaintiffs will need to review the administrative record to determine whether to seek leave to amend their pleadings.

4.    Factual Summary:

    A.     Admitted Facts which are deemed proven without further proceedings.

         (1)    The Larson project area is located on National Forest System lands in Tuolumne and Mariposa Counties, California, on the Stanislaus National Forest.

         (2)    The Larson project area lies primarily within the Bull Creek and Ned Gulch watersheds, with very small portions in the Merced River and South Fork Tuolumne River watersheds.

         (3)    In 1987, the Larson Fire burned as part of the 147,000 acre Stanislaus Complex Fire.

    B.     Contested Facts.

         (1)   All other facts.

5.    Legal Issues:

    A.     Uncontested.

         (1)   Venue

    B.     Contested.

         (1)   All other legal issues.

1     6.    Consent to Magistrate Judge Jurisdiction:

2           This case will not be assigned for all purposes,
3 including trial, to the Honorable Sandra M. Snyder, United States
4 Magistrate Judge, as the parties do not so consent at this time.

5     7.    Discovery Plan and Cut-Off Dates:

6           Defendants contend no discovery is necessary as this is a
7 review of an administrative proceeding.  See, e.g., Hall v. Norton,
8 266 F.3d 969, 977 (9th Cir. 2001).  Defendant is currently
9 finalizing the administrative record, expects to file it at or
10 before the scheduling conference, and will serve plaintiffs with a
11 copy at that time.

12          Plaintiffs will need to examine the administrative record
13 to determine whether the record should be supplemented.  If so,
14 plaintiffs will seek an order allowing supplementation of the
15 record.  Additionally, after reviewing the record, plaintiffs may
16 seek leave to amend their pleadings or to proceed with limited
17 discovery in this otherwise record review case on matters relating
18 to defendant's past and present actions in the Project area that
19 address the legal issues raised in this proceeding.

20          All plaintiffs will join in a single set of joint briefs.

| BRIEF/HEARING | FILING DEADLINE |
|---|---|
| Plaintiffs' Opening Brief: | May 12, 2006 |
| Defendants' Opposition Brief: | June 16, 2006 |
| Plaintiffs' Reply Brief: | July 21, 2006 |
| Defendants' Sur-Reply Brief: | August 18, 2006 |
| Hearing Date:<br>Hearing Time:<br>Hearing Length:<br>Courtroom:<br>District Judge: | September 25, 2006<br>1:30 p.m.<br>1-2 hrs. (est.)<br>3 ~ 7th Floor<br>Oliver W. Wanger (OWW) |

3

    8.   Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial:

        Not applicable at this time.

    9.   Related Matters Pending:

        There are no pending related matters.

    10.   Compliance with Federal Procedure:

        The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the Court in the efficient administration of this case, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload. Sanctions will be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

    11.   Compliance with Electronic Filing Requirement:

        On January 3, 2005, the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF). Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of **January 3, 2005** in all actions pending before the court. While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed by pro se litigants, and the official court record in all cases will be electronic. Attorneys are required to file electronically in pro se cases. More information regarding the Court's implementation of CM/ECF can be

4

1  found on the court's web site at www.caed.uscourts.gov, including
2  the Court's Amended Local Rules effective January 3, 2005, the
3  Court's CM/ECF Final Procedures, and the Court's CM/ECF User's
4  Manual.
5       While the Clerk's Office will not refuse to file a
6  proffered paper document, the Clerk's Office will scan it and, if
7  improperly filed, notify the Court that the document was filed in
8  an improper format.  An order to show cause (OSC) may be issued in
9  appropriate cases regarding an attorney's disregard for the
10 requirement to utilize electronic filing, or other violations of
11 these electronic filing procedures.  See L.R. 11-110, L.R.
12 5-133(d)(3).
13      If counsel has not already done so, counsel **must** register
14 for CM/ECF as soon as possible.  On-line registration is available
15 at www.caed.uscourts.gov.  Once registered, counsel will receive a
16 login and password in approximately one (1) week.  Counsel must be
17 registered to file documents on-line.  See L.R. 5-135(g).  Counsel
18 are responsible for knowing the rules governing electronic filing
19 in the Eastern District.  Please review the Court's Local Rules
20 effective January 3, 2005, available on the Court's web site.
21      12.  Effect of this Order:
22      The foregoing Order represents the best estimate of the
23 Court and counsel as to the agenda most suitable to bring this case
24 to resolution.  If the parties determine at any time that the
25 schedule outlined in this Order cannot be met, counsel are ordered
26 to notify the Court *immediately* so that adjustments may be made,
27 either by stipulation or by subsequent status conference.
28 //

1 | Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

**FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

**Dated:   March 1, 2006**             /s/ Sandra M. Snyder
icido3                          UNITED STATES MAGISTRATE JUDGE