UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA OAK FOUNDATION, et al.,**<br><br>                  **Plaintiffs,**<br><br>    **v.**<br><br>**UNITED STATES FOREST SERVICE, et al.,**<br><br>                  **Defendants.** | **CV-F-05-1395 OWW SMS**<br><br>**ORDER GRANTING DEFENDANTS' REQUEST TO SUSPEND FURTHER BRIEFING AND HOLD THE CASE IN ABEYANCE AND GRANTING PLAINTIFFS' REQUEST FOR A PRELIMINARY INJUNCTION (DOC. 21)** |

    This case concerns the United States Forest Service's decision to approve the Larson Reforestation and Fuel Reduction Project (the "Project"), which authorizes the use of certain herbicides within the Stanislaus National Forest. Plaintiffs challenge the action under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq.; the National Forest Management Act ("NFMA"), 16 U.S.C. § 472a(g); and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702.

    Currently before the court is Defendants' request to suspend all briefing in this case until all appeals are completed in another case that may be of precedential value. Defendants contend that the rule set forth in the decision by the Ninth Circuit panel in *Earth Island Institute v. United States Forest*

**1**

*Service* (*Earth Island*), 442 F.3d 1147 (9th Cir. 2006), effectively disposes of the case in Plaintiffs' favor. Consequently, Defendants urge that the court suspend briefing until all appellate proceedings, which may eventually include en banc rehearing by the Ninth Circuit and United States Supreme Court review, are exhausted. Defendants state that "the government will voluntarily refrain from implementing the challenged decision and agrees to enter into a stipulation with the Plaintiffs to that effect."[1] (Doc. 21 at 3:21-25.)

Defendants contend that *Earth Island* imposes burdensome new requirements for undertakings such as the Project. Moreover, they concede that the decision Plaintiffs challenge does not satisfy the requirements the Ninth Circuit imposes in *Earth Island*.

Plaintiffs oppose Defendants' motion for an abeyance. Plaintiffs agree that Defendants' decision does not meet the requirements of *Earth Island*. Plaintiffs contend, however, that *Earth Island* does not constitute new law, but rather merely confirms a reading of NFMA that had been set forth by a district court in *Sierra Club v. Eubanks*, 335 F. Supp. 2d. 1070 (E.D. Cal. 2004). Plaintiffs do not dispute Defendants' contention that the Ninth Circuit has not previously addressed these issues. Plaintiffs argue that, in any event, *Earth Island* is already binding and that the court need not delay its proceedings to

---

[1] Defendants state that they will continue the "Brush mastication contract," which has already begun and to which Plaintiffs do not object. (Doc. 21 at 3 n.1.) In their response to the request for abeyance, Plaintiffs do not take issue with separate treatment of this contract. (Doc. 22.)

**2**

allow Defendants to obtain more favorable precedent.  Plaintiffs also point out that many of their claims are unrelated to the holding in *Earth Island* and so will not be affected by a reversal in that case.  Plaintiffs contend they are at least entitled to a decision on the merits on the claims unrelated to *Earth Island*.

Plaintiffs also question the timing of Defendants' request for abeyance.  The *Earth Island* order was issued March 24, 2006, but Defendants did not request abeyance until May 22, 2006, after Plaintiffs had filed their opening brief.  Plaintiffs argue that a stay would unfairly allow Defendants months to review Plaintiffs' arguments before framing a reply when briefing resumes.

For the pendency of the abeyance, Plaintiffs get what they want:  maintenance of the status quo without implementation of the allegedly unlawful Project.  Given that Defendants are willing to maintain the status quo as Plaintiffs desire it, it seems unnecessary to dedicate scarce court resources to rush to make a decision, which may be affected, at least in material part, by the outcome in *Earth Island*.  It is not judicially efficient to proceed in a piecemeal fashion to address the claims that will be unaffected by *Earth Island*, if the use of herbicides will be dictated by the outcome of the case.

Plaintiffs request that, in the event that the court grants an abeyance, it be coupled with an injunction barring Defendants from implementing its decision while the matter is stayed.  Defendants oppose a preliminary injunction.  They contend that a preliminary injunction is not warranted because, in its absence, plaintiff will not suffer irreparable injury.  *See Ashcroft v.*

3

*American Civil Liberties Union*, 542 U.S. 656, 666, 124 S. Ct. 2783, 159 L. Ed. 2d 690 (2004).

    Defendants' undertaking presently to refrain from implementing the challenged action affords only partial assurance that the law will not be violated.  Environmental harm caused by application of an unlawful rule creates irreparable injury. *Sierra Club v. United States Forest Service*, 843 F.2d 1190, 1195-96 (9th Cir. 1988).  Plaintiffs are entitled to interim injunctive relief based on Defendants' admission that the Project does not comply with the *Earth Island* requirements.  The government's assurance it will not violate environmental standards has not been sufficient in the Ninth Circuit.  *See Cent. Delta Water Agency v. United States*, 306 F.3d 938, 950 (9th Cir. 2002) ("It would be inequitable in the extreme for us to permit one party to create a significantly increased risk of harm to another, and then avoid the aggrieved party from trying to prevent the potential harm because the party that created the risk promises that it will ensure that the harm is avoided, yet offers no specific or concrete plan of action for doing so.").

    For the reasons set forth above,

1. Defendants' request to suspend further briefing and to stay the case pending the resolution of *Earth Island* (Doc. 21) is **GRANTED**;
2. Plaintiffs' request for a preliminary injunction is **GRANTED**;
3. Defendants are directed to notify the court and Plaintiffs within five (5) days following a final decision in *Earth Island*; and

**4**

4. All dates currently set in the above-captioned case are **VACATED.**

IT IS SO ORDERED.

**Dated:     August 22, 2006**            /s/ Oliver W. Wanger
emm0d6                                    UNITED STATES DISTRICT JUDGE