```
McGREGOR W. SCOTT
United States Attorney
DAVID T. SHELLEDY
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2799

Attorney for Defendants
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OAK FOUNDATION; CALIFORNIA NATIVE PLANT SOCIETY; CALIFORNIA INDIAN BASKETWEAVERS ASSOCIATION; CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES FOREST SERVICE; TOM QUINN, in his official capacity as Forest Supervisor for the Stanislaus National Forest,<br><br>    Defendants. | 1:05-CV-01395-LJO-SMS<br><br>SETTLEMENT STIPULATION; RELEASES; DISMISSAL; ORDER |

It is hereby stipulated and agreed by and between Plaintiffs California Oak Foundation, California Native Plant Society, California Indian Basketweavers Association, and Californians for Alternatives to Toxics ("plaintiffs") and Defendants United States Forest Service and Tom Quinn, in his official capacity as Forest Supervisor for the Stanislaus National Forest

("defendants," collectively, "the parties"), and their undersigned attorneys as follows:

1.   The parties hereby agree to settle and compromise each and every claim, demand, and cause of action for attorneys' fees, costs, or expert witness fees incurred in or arising from the litigation of this case, under the terms and conditions set forth in this Stipulation.

2.   Defendants agree to pay the sum of seventy thousand dollars ($70,000) to plaintiffs as provided below, which sum shall be in full and complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), or any other statute or common law theory, for all attorneys' fees and costs incurred by Plaintiffs, individually or severally, in this litigation, whether known or unknown, foreseen or unforeseen.

3.   Plaintiffs hereby agree to accept the sum set forth in paragraph 2 in full settlement and satisfaction of any and all claims, demands, rights, and causes of action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), or any other statute or common law theory, for all attorneys' fees and costs incurred by Plaintiffs, individually or severally, in this litigation, whether known or unknown, foreseen or unforeseen; and further agree to reimburse, indemnify and hold harmless defendants, the United States, and its agencies, agents, servants and employees from and against any and all such causes of action, claims, demands, rights, and causes of action.

4.   Plaintiffs' undersigned attorney represents that he has explained, and plaintiffs warrant and represent that they intend,

1  that this Stipulation shall release all existing and future
2  claims within the scope of paragraph 3, including claims that are
3  unknown and unforeseen, notwithstanding Section 1542 of the Civil
4  Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing [this] Release, which if known by him must have materially affected his settlement with the debtor.

9   5.  This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of defendants, the United States, or its agencies, agents, servants, or employees, and it is specifically denied that they are liable to plaintiffs.  This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

17  6.  Payment of the settlement amount will be made by a single check payable to California Oak Foundation.  The check will be delivered to plaintiffs' attorney, Michael W. Graf, Esq., within sixty (60) days after entry of the Court's order approving this Agreement.  Any payment to plaintiffs' attorneys or anyone else claiming to be entitled to the settlement proceeds shall be solely plaintiffs' responsibility.

24  7.  No provision of this Agreement shall constitute a commitment or requirement that Defendants obligate or pay funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

28  8.  The parties and their attorneys agree to execute and

3

1 deliver such other and further documents as may be required to
2 carry out the terms of this Agreement.
3     9.   Each person signing this Stipulation warrants and
4 represents that he or she possesses full authority to bind the
5 person[s] on whose behalf he or she is signing to the terms of
6 the Stipulation.
7     10.  Each person signing this Stipulation warrants and
8 represents that no promises, inducements, or other agreements not
9 expressly contained herein have been made; that this Stipulation
10 contains the entire agreement between the parties; and that the
11 terms of this Stipulation are contractual and not mere recitals.
12 This Stipulation may not be altered, amended, modified, or
13 otherwise changed in any respect, except by a writing duly
14 executed by the party to be charged.  All prior oral
15 understandings, agreements, and writings are superseded by this
16 Stipulation and are of no force or effect.
17     11.  Each person executing this Stipulation represents that
18 he or she has read and understands its contents; that he or she
19 executes this Stipulation voluntarily; that he or she has not
20 been influenced by any person acting on behalf of any party.
21     12.  The terms of this agreement shall become effective upon
22 approval by the Court as provided below.
23 For Plaintiffs:
24 Date: November 5, 2007              /s/ MICHAEL W. GRAF
                                      MICHAEL W. GRAF
25                                    Attorney for Plaintiffs
26
27
28

4

```
For Defendants:
                                        McGREGOR W. SCOTT
                                        United States Attorney


Date: November 13, 2007           /s/ David T. Shelledy
                             By:  DAVID T. SHELLEDY
                                  Assistant U.S. Attorney

                                ORDER

        The case is deemed settled and closed.

IT IS SO ORDERED.
```

**Dated:  November 14, 2007**          **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE